UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LOUIS CROCKER et al.,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>CLEVELAND-CLIFFS STEEL<br>CORP. et al.,<br><br>　　　　　　　Defendants. | Case No. 21-cv-11937<br>Honorable Shalina D. Kumar<br>Magistrate Judge Curtis Ivy, Jr. |

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE NOTICE OF NON-PARTY FAULT (ECF NO. 40)**

## I.　Introduction

Plaintiffs Louis Crocker and Danielle and Jason Charles bring this putative class action for private nuisance, public nuisance, and negligence against Cleveland-Cliffs Steel Corp. (CCSC), seeking damages for the release of noxious odors, dust, and air particulates from its steel facility. ECF No. 4. After the Court dismissed CCSC's third-party complaint against Marathon Petroleum Company LP (Marathon) and Edwin C. Levy Co. (Levy) for contribution (ECF No. 38), CCSC moved for leave to file notice of non-party fault identifying Marathon and Levy as non-parties wholly or partially at fault for plaintiffs' alleged damages. ECF No. 40. Plaintiffs do not

oppose the motion, but Marathon and Levy filed motions for leave to respond or to intervene solely to respond to CCSC's motion. ECF Nos. 41, 42, 44, 45. The Court has reviewed the motions before it and finds that neither further briefing nor a hearing is necessary for determination. *See* E.D. Mich. LR 7.1(f). As explained below, CCSC's motion is denied, and Marathon and Levy's motions for leave to respond or to intervene are therefore moot.[1]

## II. Factual and Procedural Background

Plaintiffs allege that noxious odors, dust, and air particulates, which have escaped from CCSC's steel facility in Dearborn, Michigan, have caused property damage and substantially interfered with the abilities of their putative class to reasonably use and enjoy their homes and properties since 2018. ECF No. 4. The putative class of plaintiffs are occupants of residential property located within 1.5 miles of the CCSC steel facility. *Id*.

---

[1] Marathon first filed a motion for leave to file a response, and Levy filed a notice of joinder/concurrence in that motion. ECF Nos. 41, 42. After CCSC moved to strike Marathon's motion (ECF No. 43), Marathon and Levy filed motions to intervene, arguing that they were entitled to respond without intervening, or alternatively, that they were entitled to intervene in the action to respond. ECF Nos. 44, 45. The Court need not decide whether Marathon and Levy may directly respond or may intervene to respond to CCSC's motion because the Court's denial of that motion eliminates the need for any response.

Plaintiffs attribute their alleged damages only to the emissions from the CCSC facility. *See id*.

On February 17, 2022, CCSC filed a third-party complaint for contribution against Marathon and Levy, alleging they were each responsible for some or all of the releases of odors, dust, and air particulates alleged by plaintiffs. ECF No. 16. The Court dismissed the third-party complaint on November 30, 2022, finding that CCSC's claim for contribution against Marathon and Levy was premature under Michigan law. *See* ECF No. 38. The Court found that no right to statutory contribution exists for a party paying more than its pro rata share of a common liability until the common liability is finalized in a judgment or discharged by payment or agreement to pay. *Id*. Without a judgment against or a settlement by CCSC, the Court dismissed CCSC's third-party complaint against Marathon and Levy "without prejudice to any claim for contribution which may later mature." *Id*.

The Court noted in its order dismissing CCSC's third-party complaint that "the appropriate way for a defendant to limit its liability based on a non-party tortfeasor's alleged percentage of fault is to file a notice of non-party fault and allow the jury to determine the percentage of fault of all parties who contributed to the injury." *Id.* (cleaned up) (quoting *Lapham v. Jacobs*

*Tech., Inc.*, 2011 WL 2848802, at *5 (Mich. Ct. App. July 19, 2011)); *see also* M.C.L. 600.2957, .6304. CCSC now moves for leave to file such a notice.

### III.     Analysis

M.C.L. 600.2957 states that "in an action based on [a] tort" or other actions that may seek damages for "property damage . . . the liability" of each person will be allocated "by the trier of fact and, subject to section 6304, in direct proportion to the person's percentage of fault." M.C.L. 600.2957(1). To assess the percentages of fault, "the trier of fact shall consider the fault of each person," whether or not the person currently is or could be a party to the action. *Id*.

MCL § 600.2957 is implemented by Michigan Court Rule 2.112(K), "a statutory scheme recognized by Michigan federal courts" that authorizes "a party against whom a claim is asserted [to] give notice of a claim that a non-party is wholly or partially at fault." *MCM Mgmt. Corp. v. Jenkins Env't, Inc.*, 2022 WL 16052610, at *1 (E.D. Mich. July 8, 2022); MCR 2.112 (K)(2). Critically, the trier of fact may not "assess the fault of a non-party unless notice has been provided." MCR 2.112(K)(1).

The notice must designate the non-party and provide a brief explanation of why the non-party is at fault, and it must be filed within 91

days after the party files its first responsive pleading. MCR 2.112(K). Here, CCSC filed its answer to plaintiffs' amended complaint on September 27, 2021 and thus had until December 27, 2021 to file a timely notice of non-party fault. ECF No. 5. It moved for leave to file notice of non-party fault nearly a year later, on December 23, 2022. ECF No. 40.

On motion, a court shall allow a later filing of the notice if the moving party shows that it did not and could not with reasonable diligence have known earlier the facts on which the notice is based, provided that the late filing of the notice does not unfairly prejudice the opposing party. MCR 2.112(K)(3)(c). Reasonable diligence is "[a] fair degree of diligence expected from someone of ordinary prudence under circumstances like those at issue." *Snyder v. Advantage Health Physicians*, 760 N.W.2d 834, 839 (Mich. Ct. App. 2008). The proper exercise of reasonable diligence involves "undertaking some direct and independent action to investigate [the] potential defense." *Id*. at 841. If reasonable diligence cannot be established, the defendant cannot file an untimely notice of non-party fault. *Id*.

Similarly, courts in this district have allowed for untimely notice when "the facts on which the notice is based were not ascertainable with reasonable diligence" and no unfair prejudice affected the opposing party.

*Pravettone v. Cargotec U.S., Inc.,* 2013 WL 12182283, at *2 (E.D. Mich. Oct. 24, 2013) (permitting delayed notice of non-party fault where original party dismissed on personal jurisdiction grounds thus became a non-party). However, without "a legitimate reason for the Court to exercise its discretion to permit an untimely filing of a notice of a non-party at fault," the Court cannot allow for untimely notice. *Id*.

CCSC claims it "'could not have known about the need to file notice until after' Marathon and Levy became non-parties on November 30, 2022." ECF No. 40. CCSC relies upon *Salter v. Patton* to support its position, but the Court finds that reliance to be misplaced. 682 N.W.2d 537, 542 (Mich. Ct. App. 2004). Unlike this case, the plaintiff in *Salter* filed a claim for wrongful death against multiple defendants, some of whom settled with the plaintiff and were dismissed from the case. *Id*. at 538. Two remaining defendants moved for leave to file notice of non-parties at fault pursuant to MCR 2.112(K). *Id*. Although their motion was well past the 91 days from the filing of the first responsive pleading, the court granted motion, allowing for untimely notice because the "defendants could not have known about the need to file notice until after the settlement." *Id*. at 542. In other words, the settled defendants could not have been included as non-parties at fault within the specified time period because they were still parties at that time.

Accordingly, filing a notice of non-party fault within the 91-day limit was impossible. *See id.*; *Snyder*, 760 N.W. 2d at 840.

CCSC argues that, as was the case for the moving defendants in *Salter*, it could not have filed a notice of non-party fault against Marathon and Levy while they were parties to the action. But, unlike the dismissed defendants in that case, Marathon and Levy were not original defendants and, most importantly, were not parties to the action during the 91-day period for filing a non-party fault notice under MCR 2.112(K); *see also Pravettone,* 2013 WL 12182283, at *2. Marathon and Levy did not become defendants until so named by CCSC on February 17, 2022, more than 45 days beyond the expiration of the 91-day period for filing a notice of non-party fault. CCSC offers no explanation for why it could not have filed notices of non-party fault within the permitted 91-day period. CCSC's failed third-party complaint against Marathon and Levy cannot resurrect the formerly available but expired opportunity to file a notice of non-party fault.[2]

---

[2] Notably, if the Court were to permit CCSC's delayed notice of non-parties at fault under these circumstances, it would create an exception that would swallow the rule and subvert the Michigan statutory framework for allocation of liability among multiple tortfeasors. Any defendant who missed the 91-day period for filing such a notice would simply file a third-party complaint against the alleged co-tortfeasors to restart the MCR 2.112(K)(3) clock after the dismissal of that complaint.

Nor can CCSC otherwise establish that "the facts on which the notice is based were not ascertainable with reasonable diligence" to allow for late notice. *Pravettone*, 2013 WL 12182283, at *2. Any claim that CCSC exercised reasonable diligence within this situation lacks merit because it knew or should have known of Marathon and Levy's involvement in this case long before they filed their third-party complaint to this Court. In fact, CCSC's argument that plaintiffs would not be prejudiced by the delayed filing[3]—because they knew or should have known of Marathon and Levy's involvement—undermines its reasonable diligence argument. CCSC gives a detailed account of Marathon and Levy's publicly available Michigan Department of Environment, Great Lakes, and Energy (EGLE) violation notices from the relevant time period to demonstrate plaintiffs' knowledge of Marathon and Levy's involvement. ECF No. 40 (citing ECF No. 16). But this same information demonstrates that CCSC knew or should have known of Marathon and Levy's involvement during the 91-day notice period. *See Snyder*, 760 N.W. 2d at 841. CCSC cannot demonstrate that it exercised reasonable diligence in ascertaining the facts warranting a notice

---

[3] Whether a delayed notice would unfairly prejudice plaintiffs is only a relevant inquiry if defendants exercised reasonable diligence in discovering the basis for the notice earlier. *See Snyder*, 760 N.W. 2d at 841.

of non-party fault to Marathon and Levy. Accordingly, the Court cannot permit the untimely service of that notice now.

## IV.   Conclusion

For these reasons, CCSC's motion for leave to file notice of non-party fault (ECF No. 40) is **DENIED**. Marathon and Levy's motions for leave to intervene (ECF Nos. 44, 45), as well as Marathon's motion for leave to respond (ECF No. 41), Levy's notice of joinder/concurrence in that motion (ECF No. 42) and CCSC's motion to strike the motion and concurrence for leave to respond (ECF No. 43) are **TERMINATED** as moot.

s/Shalina D. Kumar  
SHALINA D. KUMAR  
United States District Judge

Dated: September 11, 2023