## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

LOUIS CROCKER, DANIELLE AND
JASON CHARLES, on behalf of themselves
and all others similarly situated,

Case No. 4:21-cv-11937

           Plaintiffs

Hon. Shalina D. Kumar
Magistrate Judge Curtis Ivy, Jr.

        v

CLEVELAND-CLIFFS STEEL CORP.
(d/b/a AK STEEL DEARBORN WORKS)

           Defendant

---

## PLAINTIFFS' UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Louis Crocker, Danielle and Jason Charles, on behalf of themselves and all others similarly situated, respectfully move this Court for entry of any order that will allow for the implementation of the Settlement Agreement reached in this class action by: (1) conditionally certifying the Class solely for the purpose of settlement; (2) preliminarily approving the Settlement Agreement (attached hereto as **Exhibit 1**); (3) directing notice to the Class; (4) scheduling a Fairness Hearing for approval of the Settlement; and (5) appointing Class Counsel and Class Representatives. In support of this Motion, Plaintiffs state as follows:

1

1.     On August 19, 2021, Plaintiffs filed this case a proposed class action against Defendant Cleveland-Cliffs Steel Corporation (hereinafter, "Defendant"), bringing claims of private nuisance, public nuisance, and negligence.[1]

2.     The Complaint alleges that Defendant's ownership and operation of its steel manufacturing plant located at 4001 Miller Road in Dearborn, Michigan has caused fugitive air particulates and noxious odors to invade the private residential properties of Plaintiffs and the proposed Class. [ECF No. 4, PageID.39, ¶ 2].

3.     In an effort to avoid the time, risk, and expense of further litigation, the Parties engaged in lengthy settlement discussion to determine whether a resolution of the case could be reached prior to a hearing on Plaintiffs' Motion for Class Certification pursuant to Federal Rule of Procedure 23. To that end, the Parties agreed to participate in mediation with independent neutral Hon. Richard B. McQuade, Jr, (Ret.). On August 8, 2024, the Parties participated in a full-day mediation session and although no settlement was reached at mediation, the Parties continued to negotiate and ultimately reached the terms of the settlement to resolve

---

[1] An amended complaint was filed on September 2, 2021 after Defendant removed the case to the United States District Court for the Eastern District of Michigan asserting the same claims against Defendant.

all claims in this case on September 5, subject to class settlement approval by the Court after notice to the settlement class. (**Ex. 2,** ¶ 15).[2]

4.     Based upon their investigation, and evaluation of the facts and law relating to the matters alleged in the action, Plaintiffs (on behalf of themselves and the proposed Class) and Class Counsel have agreed to settle the lawsuit pursuant to the terms of the Settlement Agreement. (**Ex. 2,** ¶ 31).

5.     The terms of the proposed settlement are fully set forth in the Settlement Agreement. (**Ex. 1**). Defendant has agreed to pay $975,000 in direct monetary relief to be allocated pursuant to the procedures outlined in the Settlement Agreement. (**Ex. 1**, pgs. 15-16, § 5).

6.     The Parties have agreed to a Class, for purposes of settlement only, consisting of the following:

**All owner/occupants and renters of residential property residing within the SEP Area and any households that returned Data Sheets to Class Counsel on or before September 5, 2024.**[3]

---

[2] The Declaration of Laura L. Sheets is attached hereto and will be referenced throughout as "Ex. 2".

[3] The SEP Map is included in the Class Area Map attached as Exhibit 1 to the Settlement Agreement.

7.      As part of the proposed Settlement Agreement, the Parties have agreed to the appointment of Steven Liddle, Laura Sheets, and Reed Solt of Liddle Sheets PC as Class Counsel and appointment of Plaintiffs as the Class Representatives. (**Ex. 1**, § 2(e), (o)).

8.      The proposed Settlement Agreement was achieved in good faith and without any undue influence. Each side has zealously represented its interests. (**Ex. 2**, ¶ 15-20).

9.      The proposed Settlement Agreement was achieved by counsel experienced in similar litigation. (**Ex. 2**, ¶ 2-8).

10.     To effectuate the Settlement, the Parties request that the Court enter an Order:

    a.  Conditionally certifying this case as a class action for settlement purposes only pursuant to Federal Rule of Civil Procedure 23;

    b.  Defining the Class as described herein;

    c.  Appointing Steven D. Liddle, Laura L. Sheets, and D. Reed Solt as Class Counsel;

    d.  Appointing Plaintiffs as the Class Representatives;

    e.  Approving the Class Notice attached as **Exhibit C** and the manner of providing the Class Notice by first class mail as being in compliance with Federal Rule 23(e);

f.  Approving the Claim Form attached as **Exhibit E** which will be submitted with the Class Notice via first class mail to the Class;

g.  Preliminarily approving the Settlement Agreement as fair, reasonable, and adequate; and

h.  Scheduling a Notice Date by which delivery of the Class Notice must commence, an Objection Deadline by which Class Members may submit objections to the Settlement, an Opt Our deadline by which Class Members may exclude themselves from the Settlement, and a Fairness Hearing to hear any objections from Settlement Class members and to consider final approval of the proposed Settlement.

11.    A proposed Preliminary Approval Order is attached hereto as **Exhibit D.**

WHEREFORE Plaintiffs, on behalf of themselves and the proposed Class, respectfully request that the Court grant this Motion and enter the proposed Preliminary Approval Order (**Exhibit D**).

Dated: February 10, 2025                    Respectfully Submitted,

*/s/ D. Reed Solt*
Steven D. Liddle (P45110)
Laura L. Sheets (P63270)
D. Reed Solt (P86302)
**LIDDLE SHEETS PC**
975 E. Jefferson Avenue
Detroit, Michigan 48207-3101
Tel: (313) 392-0015/Fax: (313) 392-0025

sliddle@lsccounsel.com
lsheets@lsccounsel.com
rsolt@lsccounsel.com

*Attorneys for the Plaintiffs and Putative Class*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

LOUIS CROCKER, DANIELLE AND
JASON CHARLES, on behalf of themselves
and all others similarly situated,              Case No. 4:21-cv-11937

              Plaintiffs              Hon. Shalina D. Kumar
                                   Magistrate Judge Curtis Ivy, Jr.

        v

CLEVELAND-CLIFFS STEEL CORP.
(d/b/a AK STEEL DEARBORN WORKS)

              Defendant

---

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF UNOPPOSED
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT**

## **<u>TABLE OF CONTENTS</u>**

INTRODUCTION ................................................................................................1

A. Description of Plaintiffs' Claims ...................................................................1

B. Summary of the Litigation ...........................................................................2

C. Terms of the Proposed Settlement ..............................................................4

ARGUMENT ....................................................................................................7

LEGAL STANDARD ........................................................................................7

I.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR
SETTLEMENT PURPOSES. .................................................................9

A.   The Numerosity Requirement is Easily Satisfied. ........................................9

B.   There are Questions of Law and Fact Common to the Class. .......................10

C.   The Claims of the Named Plaintiffs are Typical of the Claims of the Class.
………………………………………………………………….. 11

D.   Plaintiffs and Class Counsel Satisfy the Adequacy of Representation
Requirement. ..................................................................................................12

E.   The Proposed Class is Readily Ascertainable. ..............................................14

F.   The Requirements of Rule 23(b)(3) Are Additionally Satisfied. ..................16

1.   Common Questions of Law and Fact Predominate. ...................................16

2.   Class Certification is the Superior Method for the Fair and Effective
Adjudication of This Litigation. .....................................................................17

II.   THE   COURT   WILL   LIKELY   FIND   THAT   THE   PROPOSED
SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE. ......................18

A.      The Class Representatives and Class Counsel have Adequately Represented
the Class. ...................................................................................................18

B.      The Proposed Settlement Was Negotiated At Arm's Length. ...................19

C.      The Significant Monetary Relief Provided Through This Settlement
Agreement Is Adequate Under The Circumstances. ............................................20

   1.      The Costs, Risks, and Delay of Trial and Possible Appeal Are .............20

   2.      The Proposed Method of Distributing Relief to the Class and Proposal for
Processing Class Member Claims Is Effective, and Class Counsel Has Extensive
Experience Administering Similar Class Settlements. ......................................21

   3.      The Requested Attorney's Fee is Standard and Reasonable Considering
the Result for the Class. .....................................................................................22

   D.      The Proposed Settlement Treats All Class Members Equally. ..............23

III.      THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR
OF PRELIMINARY APPROVAL. ......................................................................23

IV.      THE PROPOSED NOTICE PLAN IS APPROPRIATE. .........................24

CONCLUSION ....................................................................................................26

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at
*47 (E.D. Pa. May 11, 2016) ...............................................................14

*Davidson v. Henkel*, 302 F.R.D. 427, 436 (E.D. Mich. 2014) ..................................9

*Hillson v. Kelly Servs. Inc.*, No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich.
2017) ........................................................................................19

*In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996) ...............................13

*In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 KMW, 2013 WL
1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ........................................................19

*Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-819-DJH-CHL, 2019 WL 6684522, at
*2 (W.D. Ky. December 6, 2019) .................................................................24

*Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd*, 383 F.3d
495 (6th Cir. 2004) ...........................................................................10

*Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d
618, 630 (6th Cir. 2011) ......................................................................17

*Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976) ..............9

*Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130 (E.D.
Mich. August 2, 2010) .........................................................................7

*Speerly v. General Motors, LLC*, 343 F.R.D. 493, 507 (E.D. Mich. 2023) ............12

*Stanley v. U.S. Steel Co.*, 2006 WL 724569, at *7 (E.D. Mich. March 17, 2006) ..16

*Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758, 766 (E.D. Mich. 2022)...........17

*UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) ............................24

## Other Sources

Fed. R. Civ. P. 23(e) ............................................................................................7, 8

Fed.R.Civ.P. 23(a) ..............................................................................................8, 13

Fed.R.Civ.P. 23(b)(3) .............................................................................................9

Fed.R.Civ.P. 23(c)(2)(B) .......................................................................................26

Fed.R.Civ.P. 23(e)(1)(B)(i). ..................................................................................18

Fed.R.Civ.P. 23(e)(2)(C). ......................................................................................20

*In Re OnStar Contract Litig.*, 278 F.R.D. 352 (E.D. Mich. 2011).....................9, 14

*Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012) ............15

## Treatises

*Newberg and Rubenstein on Class Actions* § 13:48 (6th ed.) .................................19

*Newberg on Class Actions* § 13:14 (5th ed.) .........................................................19

## ISSUES PRESENTED

1.     Should the proposed Settlement Class be certified for settlement purposes pursuant to Fed.R.Civ.P. 23?

**The Parties answer: YES.**

2.     Should the Settlement Agreement be preliminarily approved as sufficiently fair, reasonable, and adequate to provide Notice to the proposed Settlement Class?

**The Parties answer: YES.**

## CONTROLLING AND MOST APPROPRIATE AUTHORITIES

Fed.R.Civ.P. 23

*Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614 (E.D. Mich. 2020)

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615 (6th Cir. 2007)

*Moeller v. Week Publ'ns, Inc.*, No. 1:22-cv-10666, 2023 WL 119648(E.D. Mich. January 6, 2023)

*Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, 2023 WL 119647, at *3 (E.D. Mich. January 6, 2023).

## INTRODUCTION

Plaintiffs Louis Crocker and Danielle and Jason Charles brought this action on behalf of themselves and a proposed class of their neighbors alleging that the fugitive air particulates and noxious odors from the Cleveland-Cliffs Dearborn Works (hereinafter the "Facility" or "Defendant's Facility") have entered their properties—and properties throughout the proposed Class Area—thereby interfering with the use and enjoyment of Plaintiffs' and the Class's homes and properties.

Following an investigation by Plaintiffs' uniquely experienced counsel, and a full day mediation on August 8, 2024, before a neutral mediator, Hon. Richard B. McQuade, Jr. (Ret.), Plaintiffs are pleased to report that the parties have reached a compromise to fully and finally resolve this case. Plaintiffs hereby present to the Court the attached proposed Settlement Agreement and request preliminary approval of this mutually negotiated Settlement Agreement by entry of the proposed order attached to the Settlement Agreement as **Exhibit D**.[4]

### A. Description of Plaintiffs' Claims

Plaintiffs and the proposed class are residents of the area surrounding Defendant's steel production facility in Dearborn, Michigan. Plaintiffs' First Amended Complaint alleges that Defendant has failed to control and/or mitigate the

---

[4] Plaintiffs are authorized to represent that Defendant does not oppose the relief requested in this Motion. The arguments and contentions contained herein, however, are attributable to Plaintiffs.

emission of fugitive air particulates and noxious odors generated by the Facility and bring claims of private nuisance, public nuisance, and negligence resulting therefrom. [ECF No. 4, PageID. 39]. Plaintiffs further allege that on frequent and recurrent occasions, fugitive air particulates and noxious odors from the Facility entered onto their properties, interfered with their abilities to use and enjoy their homes and properties, and diminished the values of their properties. [*Id.*, PageID. 47]. Defendant strongly denies these allegations.

Plaintiffs seek to certify a class consisting of: "All owner/occupants and renters of residential property residing within the SEP Area and any households that returned Data Sheets to Class Counsel on or before September 5, 2024." (**Ex. 1**, Settlement Agreement, § 2(b); *see also* **Ex. A-** Class Area Map).

**B. Summary of the Litigation**

Plaintiffs filed their original complaint in state court on September 19, 2021, and after Defendant removed to this Court, the First Amended Complaint on September 2, 2021 following extensive pre-suit investigation conducted by Plaintiffs' Counsel. *See* [ECF No. 4];(**Ex. 2- Declaration of Laura L. Sheets**, ¶ 14). This pre-suit investigation consisted of Freedom of Information Act requests to the Michigan Department of Environment, Great Lakes, and Energy ("EGLE") and a comprehensive review of the records obtained. (**Ex. 2**, ¶ 14). Plaintiffs' Counsel additionally obtained and reviewed reports from members of the putative class

regarding the alleged nuisance odor and dust conditions that would become the subject of the Complaint. [ECF No. 4, PageID. 44].

After removal, Defendant filed a Third-Party Complaint against Marathon Petroleum Company LP ("Marathon") and Edwin C. Levy Company ("Levy") on February 17, 2022. [ECF No. 16]. Both Marathon and Levy filed Motions to Dismiss [ECF Nos. 28, 29] that were granted on November 30, 2022. [ECF No. 38].[5] The Parties engaged in written discovery focused on class certification issues until June 30, 2023, and Plaintiffs were granted leave to file their Motion for Class Certification [ECF No. 58] on January 11, 2024. Class certification briefing was completed on March 1, 2024 and included briefing on Defendant's *Daubert* Motion to exclude the testimony of Plaintiffs' air dispersion modeling expert, Dr. Mark P. Cal. *See* [ECF No. 63]. At the conclusion of class certification briefing, the Parties agreed to pursue settlement and voluntarily participated in a full-day mediation session with respected and experienced mediator Hon. Richard B. McQuade, Jr. (Ret.) on August 8, 2024. (**Ex.** 2, ¶ 16). As a result of this mediation, which involved adversarial, arm's-length negotiations between counsel experienced in these matters with the assistance of a skilled mediation, and continued negotiations thereafter, the Parties agreed to settle

---

[5] After these Motions were granted, Defendant sought leave to file a Notice of Non-Party Fault against both Marathon and Levy which the Court denied on September 11, 2023. [ECF No. 55].

the claims asserted in the First Amended Complaint on the terms and conditions set forth herein, subject to the Court review and approval. (*Id.*).

The essential terms of the settlement now presented for review and approval are the result of arm's-length, mediator assisted negotiations and Class Counsel wholeheartedly believes that this settlement is in the best interests of the Settlement Class under the circumstances given the time, complexity, and expense this litigation would present absent the proposed Agreement.

**C. Terms of the Proposed Settlement**

Under the proposed Settlement Agreement[6] (**Ex. 1**), Defendant will be required to provide monetary relief to the Class, and in exchange, Plaintiffs and the class will release certain claims against the Defendant. (*Id.*, pgs. 18-19; § 2(x)). Defendant will create a common fund for the benefit of the Class in the amount of $975,000, which will be distributed on a pro rata basis (after the payment of costs and attorney fees as the Court may approve) to all Households who timely submit an approved Claim Form. (*Id.*, pgs. 16-17, § 5). The proposed Settlement includes a full release and discharge by Plaintiffs and the Class of any and all claims that were, or could have been, asserted between August 31, 2019, and the Effective Date of the Settlement (the "Class Period"). (*Id.*, pgs. 18-20, § 7). The Release expressly

---

[6] Capitalized terms used herein shall have the same meaning as assigned to them in the Settlement Agreement.

4

preserves the Class's right to bring any claims that any may have for medically diagnosed personal injuries and any claims based on odor or other emissions of airborne pollutants or contaminants that occur after the Effective Date. (*Id.*).

The Settlement Agreement calls for Class Counsel to administer the settlement and provides that notice of preliminary approval of the settlement will be distributed to the Class in accordance with the Notice specifications approved by the Court. (*Id.*, pg. 17, § 5(g); *see also* **Ex. C**- Class Notice). The longform Class Notice attached hereto as **Exhibit C** describes the terms of the Settlement and Class Members' rights in plain, easy to understand language. The Class Notice and the Claim Form (**Ex. E**) will be provided to all reasonably ascertainable residential addresses within the Settlement Class Area via first class mail with postage pre-paid. A publication notice (**Ex. F**) will also be published in a newspaper of general circulation within the Settlement Class Area. (**Ex. 1**, pgs. 7-8, § 2(p)). Additionally, Class Counsel will establish a Settlement Website that will be hosted at www.lsccounsel.com/akdearborn, which will be clearly referenced on both the longform and publication notice. The Settlement Website will contain relevant settlement-related documents, including a copy of the Settlement Agreement, Claim Form, and the Preliminary Approval Order once entered.

The Settlement provides for a claims process by which Class Members can submit a simple Claim Form and supporting documentation to receive their share of

the Settlement Fund. Class Members will have 45 days to submit a claim form and 30 days to opt-out or object to the Settlement Agreement. (**Ex. 1**, pg. 17, § 6). Claim Forms will be approved by Class Counsel if the claimant complies with the simple requirements set forth in the Class Notice and the Claim Form, which includes providing documentation of identity and property interest. (*Id.*). Any opt-outs or objections will be provided to Defendant within fourteen (14) days after the opt-outs/objections deadline and will be provided to the Court for consideration at least seven (7) days in advance of the Final Fairness Hearing. (*Id.*).

In exchange for the Settlement Payment of $975,000, Class Members who do not opt-out of the Settlement will release all claims against Defendant based on , by reason of, arising from, or in any way relating to the impacts or harms allege din Plaintiffs' First Amended Complaint. (**Ex. 1**, pg. 18-20, § 7). Importantly, excluded from the Release are all past, present, and future claims for medical harm or personal injuries, future claims of any kind occurring after the Effective Date, and claims to enforce the terms of the Settlement. (*Id.*).

Should the Settlement be finally approved following a Final Fairness Hearing, Defendant shall make the payment of $975,000 to Class Counsel to be held in a Qualified Settlement Fund. (**Ex. 1**, pg.15, § 5(a)). Before the Final Fairness Hearing, Class Counsel will be permitted to submit a request for attorneys' fees not to exceed one-third (1/3) of the Total Settlement, in addition to reimbursement of litigation

costs. (*Id.*, § 5(b)). Class Counsel may also petition the Court for an incentive award of up to $5,000 per household to Plaintiffs Louis Crocker and Danielle and Jason Charles. (*Id.*, § 5(c)). These provisions are clearly indicated on the Class Notice and the Class will be invited to make any objections to the terms of the Settlement.

## <u>ARGUMENT</u>

### **LEGAL STANDARD**

The claims of "a class proposed to be certified for purposes of settlement[] may be settled … only with the court's approval." Fed. R. Civ. P. 23(e). "The question at the preliminary approval stage is simply whether the settlement is fair enough to begin the class-notice process." *Moeller v. Week Publ'ns, Inc.*, No. 1:22-cv-10666, 2023 WL 119648, at *2 (E.D. Mich. January 6, 2023) (quoting *Garner Props. & Mgmt. v. City of Inkster*, 333 F.R.D. 614, 626 (E.D. Mich. 2020) (quotation marks omitted). The Court should grant preliminary approval to a proposed class settlement if it "(1) does not disclose grounds to doubt its fairness or other obvious deficiencies, such as unduly preferential treatment to class representatives or of segments of the class, or excessive compensation for attorneys, and (2) appears to fall within the range of possible approval" at the final-approval stage. *Id.* (quoting *Sheick v. Auto. Component Carrier, LLC*, No. 09-14429, 2010 WL 3070130, at *11 (E.D. Mich. August 2, 2010)) (citation and quotations omitted).

Under Rule 23(e), there are four factors for a Court to consider concerning whether a proposed agreement is "fair, reasonable, and adequate": "(1) whether the class representatives and class counsel have adequately represented the class; (2) whether the proposal was negotiated at arm's length; (3) whether the relief provided for the class is adequate; and (4) whether the proposal treats Class Members equitably relative to each other." Fed.R.Civ.P. 23(e). The Sixth Circuit provides seven additional factors to consider:

> (1) the risk of fraud or collusion;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the amount of discovery engaged in by the Parties;
> (4) the likelihood of success on the merits;
> (5) the opinions of class counsel and class representatives;
> (6) the reaction of absent Class Members; and
> (7) the public interest.

*Int'l Union, United Auto., Aerospace, and Agric. Implement Workers of America v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

To merit class certification, Fed.R.Civ.P. 23(a) requires a showing of four factors: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative Parties are typical of the claims or defenses of the class; and (4) the representative Parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a). Where, as here, Plaintiffs seek to certify a class under Fed.R.Civ.P. 23(b)(3), Plaintiffs must additionally demonstrate "that the questions

8

of law or fact common to Class Members predominate over any questions affecting only individual members and that a class action is superior to other available methods" for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b)(3). Finally, class certification is subject to the implicit requirement that the class is ascertainable. *See In Re OnStar Contract Litig.*, 278 F.R.D. 352, 373 (E.D. Mich. 2011).

## I.   THE COURT SHOULD CERTIFY THE PROPOSED CLASS FOR SETTLEMENT PURPOSES.

The Proposed Class satisfies each of the requirements for class certification and should thus be certified for settlement purposes.

### A. The Numerosity Requirement is Easily Satisfied.

"Numerosity is a fact specific inquiry that turns upon such factors as geographic location and the ease of identifying Class Members, but there is no strict numerical test to determine when the class is large enough or too numerous to be joined." *Garner Props.*, 333 F.R.D. 614 at 622 (citing *Senter v. General Motors Corp.*, 532 F.2d 511, 523 n. 24 (6th Cir. 1976)). However, "it is generally accepted that a class of 40 or more members is sufficient to satisfy the numerosity requirement." *Davidson v. Henkel*, 302 F.R.D. 427, 436 (E.D. Mich. 2014).

Plaintiffs have proposed a Settlement Class of all owner/occupants and renters of residential property within the SEP Area and any households that returned Data Sheets to Class Counsel on or before September 5, 2024. (**Ex. 1**, § 2(b)). Class

Counsel has received 90 Data Sheets on or before September 5, 2024. (**Ex. 2, ¶** 15). Additionally, there are approximately 860 Households within the Settlement Class Area, and the numerosity requirement is undoubtedly satisfied. (*Id.*, ¶ 17).

### B. There are Questions of Law and Fact Common to the Class.

The commonality requirement does not demand that all questions of law and fact raised in the complaint are common among the proposed Class, but simply requires a common question of law or fact. *See Olden v. LaFarge Corp.*, 203 F.R.D. 254, 269 (E.D. Mich. 2001), *aff'd*, 383 F.3d 495 (6th Cir. 2004). Indeed, "a common question of law or fact exists when it can be shown that all Class Members suffered the same injury." *Garner Props.*, 333 F.R.D. 614 at 622 (citation omitted). "Class claims must depend upon a common contention capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 623 (quotation marks and citation omitted).

Plaintiffs allege that Defendant engaged in a common course of misconduct towards the proposed Class, giving rise to questions of both law and fact common to Plaintiffs and the Settlement Class. *See* [ECF No. 4, PageID. 49-50, ¶ 46]. The following are some of those common questions: whether and to what extent the Facility's fugitive noxious odors, dust, and air particulates were dispersed over the Class Area, which steps Defendant did or did not take in order to control the

emission of noxious odors, dust, and air particulates through the design, operation, and maintenance of the Facility, whether Defendant owed any duties to the Plaintiffs, and if so, which duties were owed; whether and how Defendant wrongfully, intentionally, knowingly, recklessly, and/or negligently failed to construct, maintain, and operate the Facility, and whether the degree of harm suffered by Plaintiffs and the Class constitutes a substantial annoyance or interference with the use and enjoyment of their properties. (*Id.*).

Each of these questions can be answered on a classwide basis and are capable of classwide resolution. Plaintiffs' allegations revolve around Defendant's common alleged conduct in failing to control the emissions from its Facility. Plaintiffs' allegations make clear that the noxious odors and air particulates allegedly emitted originated from a common source, are of the same nature, and generally impact the community as a whole in the same fashion, causing the same types of damages. For these reasons, the commonality requirement is satisfied.

### C. The Claims of the Named Plaintiffs are Typical of the Claims of the Class.

In order to satisfy the typicality requirement for class certification, it is required that a "sufficient relationship exist between the injury to the named plaintiff and conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Speerly v. General Motors, LLC*, 343 F.R.D. 493, 507 (E.D. Mich. 2023) (citation omitted). "Typicality is satisfied if the

representative's claim arises from the same [transaction or occurrence as] the claims of other Class Members, and [they] are based on the same legal theory." *Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, 2023 WL 119647, at *3 (E.D. Mich. January 6, 2023)(quotation omitted).

Plaintiffs' claims, and those of the absent Class Members, entail the same type of damages for the same type of injury caused by a common course of conduct by Defendant. Plaintiffs and the Class have similarly suffered the same substantial annoyance and inference by the Facility's emissions, loss of use and enjoyment of their homes and properties, and diminution in property values. Additionally, there are no conflicts between or among Plaintiffs and the absent class members, and there is no basis for holding that the typicality requirement is not satisfied in this case.

Further, the proposed Settlement Agreement does not release any claims for personal injury or claims related to future emissions from the Facility after the Effective Date, each of which may involve different types of claims or damages. There is therefore nothing in the proposed Settlement that would prevent individuals with claims that are not released here from exercising their rights in a future proceeding. Plaintiffs' claims are typical of the claims of the proposed Settlement Class and the typicality requirement is duly satisfied.

### D. Plaintiffs and Class Counsel Satisfy the Adequacy of Representation Requirement.

To satisfy the final Rule 23(a) prerequisite, "the representative Parties [must] fairly and adequately protect the interests of the Class." Fed.R.Civ.P. 23(a). The adequacy inquiry consists of two separate considerations: "(1) the representative must have some common interests with unnamed members of the class, and 2) it must appear that the representatives will vigorously prosecute the interests of the class through qualified counsel." *Strano*, 2023 WL 119647, at *3 (quoting *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1083 (6th Cir. 1996)).

Plaintiffs, like all similarly situated Settlement Class Members, are Dearborn residents complaining of the same odor problem that has plagued their neighbors. Plaintiffs have demonstrated no conflict of interest with the absent Class Members and have retained Class Counsel with significant experience conducting environmental class action litigation. Plaintiffs' Counsel has successfully resolved many dozens of similar environmental lawsuits for property damage, the vast majority of which were brought and resolved on a classwide basis. (**Ex. 2**, ¶¶ 6-8).

Regarding Plaintiffs' Counsel's representation for this type of case, one federal court noted that:

> Class Counsel—from the Detroit-based firm [Liddle Sheets Coulson], P.C.—are among the few attorneys that specialize in class-action odor-nuisance litigation. Class Counsel skillfully and vigorously investigated and prosecuted the Class's claims … Absent the skill and efficiency of Class Counsel, it is also unlikely that individual Class Members could have obtained any recovery on their nuisance claims.

*Batties v. Waste Mgmt. of Pa., Inc.*, No. 14-7013, 2016 U.S. Dist. LEXIS 186335, at

*47 (E.D. Pa. May 11, 2016). Prior to initiating this litigation, Class Counsel

submitted a survey to thousands of area residents and conducted a detailed inquiry

into both reports of odors and fugitive air particulates from the Facility and public

information requests to regulatory governmental entities. (**Ex. 2, ¶** 14). Counsel has

now, with the assistance of an experienced neutral mediator, negotiated a favorable

Settlement Agreement and has vigorously defended Plaintiffs' claims on behalf of

the Class throughout this litigation. In sum, Class Counsel concentrates its practice

on cases of this type, and, in reaching this favorable resolution, has devoted the

resources necessary to pursue the claims of Plaintiffs and the Class.

Accordingly, the Plaintiffs and Class Counsel have and will continue to fairly

and adequately protect the interests of the proposed Settlement Class and the

adequacy requirement for certification is met.

**E. The Proposed Class is Readily Ascertainable.**

Finally, the proposed Settlement Class meets the implied ascertainability

requirement for certification. "The existence of an ascertainable class of persons to

be represented by the proposed class representative[s] is an implied prerequisite of

Federal Rule of Civil Procedure 23." *In Re OnStar Contract Litig.*, 278 F.R.D. 352,

373 (E.D. Mich. 2011). To satisfy ascertainability "the class definition must be

sufficiently definite so that it is *administratively* feasible for the court to determine

whether a particular individual is a member of the proposed class." *Young v. Nationwide Mut. Ins. Co.*, 693 F.3d 532, 537-38 (6th Cir. 2012).

The proposed Settlement Class is readily ascertainable, as it is defined with reference to objective criteria—ownership, residency, or submission of a Data Sheet—within the limited geographic area illustrated in **Exhibit 1-A**. The claims at issue arise from damage to real property, the locations of which are integral to the very definition of the Class. Indeed, to determine whether a Household is a member of the Class, all that is required is to determine whether that Household is located within the Class Area boundary, whether it is owner-occupied or rented, or whether a member of that Household submitted a Resident Data Sheet to Class Counsel on or before September 5. 2024.

The addresses of all residential households in the Settlement Class Area have already been obtained, and all potential Settlement Class members will receive a Class Notice form at their residence by first class mail. (**Ex. C**, Class Notice). Additionally, each settlement Class member will be required to confirm that they reside within the Settlement Class Area by affirming ownership or renter status by attaching a copy of valid documentation. (*See* **Ex. E**, Claim Form). For Resident Data Sheet Class Members, Plaintiffs' Counsel can easily identify the name and address of each from their Data Sheet response and will confirm this information by comparing it to the returned Claim Form for the same address. The Class is therefore

readily ascertainable, and the proposed settlement administration process will ensure that only verified Settlement Class Members receive compensation from the common fund.

### F. The Requirements of Rule 23(b)(3) Are Additionally Satisfied.

The proposed Settlement Class also satisfies the predominance and superiority requirements for certification as set forth below.

### 1. Common Questions of Law and Fact Predominate.

"Predominance is satisfied if the Class's individual questions of law or fact are sufficiently cohesive to warrant adjudication by representation." *Strano*, 2023 WL 119647, at *4 (quotation omitted). "Common issues predominate in air pollution cases when the paramount issue concerns whether a plant's emissions are substantially interfering with the local residents' use and enjoyment of their real and personal property." *Stanley v. U.S. Steel Co.*, 2006 WL 724569, at *7 (E.D. Mich. March 17, 2006).

Any individual issues that may exist among the Class are easily outweighed by the common issues related to Defendant's alleged conduct, the dispersion of Defendant's alleged emissions, and the impacts to the community as a whole. Plaintiffs have present substantial evidence through the course of this litigation that the proposed Settlement Class Area has been impacted in a similar manner and to a similar degree. Individual issues are therefore of minimal importance, particularly

in light of the Settlement Agreement which provides for a distribution of settlement funds on a common and equitable basis to all qualifying residents who submit a valid Claim Form. Plaintiffs submit that there are simply no individual issues left among the proposed Settlement Class that may overwhelm the predominating common issues.

### 2. Class Certification is the Superior Method for the Fair and Effective Adjudication of This Litigation.

The superiority requirement is "designed to achieve economies of time, effort, and expense, and promote … uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *Pipefitters Local 636 Ins. Fund v. Blue Cross Blue Shield of Michigan*, 654 F.3d 618, 630 (6th Cir. 2011) (citation and internal quotation marks omitted). "A class action is superior if it would vindicate[] the rights of groups of people who individually would be without effective strength to bring their opponents into court at all." *Thomsen v. Morley Cos., Inc.*, 639 F.Supp.3d 758, 766 (E.D. Mich. 2022) (quotations omitted).

Class resolution of this litigation undoubtedly achieves economies of time, effort, and expense while ensuring uniformity of decision. The alternative to resolving this case as a class action is to bring hundreds or potentially thousands of individual claims in a constantly expanding stream of litigation while excluding the claims of Class Members for whom active participation is not feasible for financial

or other reasons. Resolving these claims together, on behalf of a Settlement Class, promotes procedural fairness and is incalculably more judicially efficient. Class resolution will additionally prevent the Court and the Parties from needlessly expending additional resources by providing a single, orderly resolution to the case with a consistent result as provided through the proposed Settlement Agreement. The superiority requirement is accordingly satisfied.

## II.   THE COURT WILL LIKELY FIND THAT THE PROPOSED SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE.

The first requirement for preliminary approval, set forth in Rule 23(e)(1)(B)(i), directs the court to determine whether the terms of the proposed settlement are fair, reasonable, and adequate considering the following factors: (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate; and (D) the proposal treats Class Members equitably to each other. Fed.R.Civ.P. 23(e)(1)(B)(i). Each of these factors is satisfied here.

### A.   The Class Representatives and Class Counsel have Adequately Represented the Class.

"[T]he first Rule 23(e) factor [adequacy of representation] is 'redundant of Rule 23(a)(4)…'" *Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, at *6 (E.D. Mich. January 6, 2023) (quoting *Newberg and Rubenstein on Class*

*Actions* § 13:48 (6th ed.) As demonstrated above in Section I(D), the adequacy of representation factor is readily satisfied.

### B.    The Proposed Settlement Was Negotiated At Arm's Length.

"The primary procedural factor courts consider in determining whether to preliminarily approve a proposed [class-action] settlement is whether the agreement arose out of arms-length, noncollusive negotiations." *Hillson v. Kelly Servs. Inc.*, No. 2:15-cv-10803, 2017 WL 279814, at *6 (E.D. Mich. 2017) (quoting *Newberg on Class Actions* § 13:14 (5th ed.)).

The Parties engaged in a full-day mediation session before experienced and respected neutral mediator Hon. Richard B. McQaude, Jr. (Ret.). (**Ex. 2,** ¶ 16); *See Hillson*, 2017 WL 279814, at *6 (quoting *In re Penthouse Exec. Club Comp. Litig.*, No. 10 CIV. 1145 KMW, 2013 WL 1828598, at *2 (S.D.N.Y. Apr. 30, 2013) ("The assistance of [an experienced mediator]... reinforces that the Settlement Agreement is non-collusive. A Settlement like this one, reached with the help of [a] third-party neutral[] enjoys a presumption that the settlement achieved meets the requirements of due process.")). At mediation, a frank discussion was held between the Parties regarding the substantive costs and benefits presented to each side that allowed both sides to carefully evaluate the value of this case and agree that the benefits of resolution greatly outweighed the risks and costs of prolonged litigation. (**Ex. 2,** ¶10). After the mediation session, the Parties continued arms' length negotiations

for approximately a month prior to arriving at the proposed Settlement. While settlement is necessarily a compromise, the Settlement addresses the concerns of Plaintiffs and the Class and delivers valuable monetary relief.

## C. The Significant Monetary Relief Provided Through This Settlement Agreement Is Adequate Under The Circumstances.

Determining adequacy of relief involves consideration of several factors: "(1) the costs, risks, and delay of trial and appeal; (2) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (3) the terms of any proposed attorney's fee, including timing of payment; and (4) any agreement required to be identified under Rule 23(e)(3)."[7] Fed.R.Civ.P. 23(e)(2)(C).

### 1. The Costs, Risks, and Delay of Trial and Possible Appeal Are Substantial in Complex Environmental Class Actions.

The consideration provided by Defendant to effectuate the proposed Settlement Agreement is an excellent result for the Class. Defendant will pay $975,000 in cash into a common fund to compensate Plaintiffs and the Class for the alleged damages incurred.

Even if Plaintiffs were successful in obtaining class certification, they would then need to affirmatively establish that Defendant's alleged odor and air particulate

---

[7] The proposed Settlement Agreement is attached as **Ex. 1**, satisfying the fourth factor. There are no other agreements between the Parties and the Settlement Agreement expressly disclaims any other such agreements. (**Ex. 1**, pg. 21, § 9(c)).

emissions were spread throughout the proposed Class Area and were of such frequency, intensity, and duration as to constitute a nuisance. This would likely involve competing scientific testimony of sufficient complexity such that the ultimate outcome on liability would be anything but certain for either party. Further, it is likely that Defendant would vigorously oppose Plaintiffs' evidence on damages. Determining the damages attributable to a nuisance requires that those damages be isolated from numerous other factors that impact property value. After considering the range of possibilities, it is Class Counsel's experienced opinion that given the potential risks, rewards, and costs of continuing litigation, settlement on the proposed terms is the most desirable course for Plaintiffs and the Class to take.

> **2.     The Proposed Method of Distributing Relief to the Class and Proposal for Processing Class Member Claims Is Effective, and Class Counsel Has Extensive Experience Administering Similar Class Settlements.**

The Settlement provides for distribution of monetary relief on a pro-rata basis to all Class Members who submit a timely and valid claim form. (**Ex. 1**, pg. 18, § 6). Class Members will be afforded 45 days following the Notice Date, whereby each Class Members will receive notice of the settlement via first class mail, to submit a claim form. (*Id.*, pg. 17, § 6). Plaintiffs' Counsel has successfully administered many dozens of similar settlements using this direct mail notice program and claims process. (**Ex. 2, ¶** 11).

The equal share formula is both equitable and practical because the potential degree in variation between Class Member claims is outweighed by the cost, uncertainty, and administrative infeasibility of attempting to distinguish amongst claims. Identifying with particularity the extent to which the usable value of any particular property varies from another would require a combination of emissions modeling and specialized appraisal that would be sufficiently costly as to reduce the Class's aggregate recovery beyond its limited benefit to any individual Class Member. An equal basis, pro rata distribution program avoids these unnecessary costs.

Additionally, the claims process is as simple as possible without inviting fraud. There is no reliable method to determine who actually occupies a home without soliciting verifiable information in the form of a standard claim form. (*See* **Ex. E-** Claim Form). This simple claims process, which requires basic proof of identity and qualification, ensures that funds are distributed only to qualifying Settlement Class Members. Overall, both the method for making claims and the method for distributing funds are designed to be maximally effective for getting the Class relief into Class Members' hands.

### 3. The Requested Attorney's Fee is Standard and Reasonable Considering the Result for the Class.

Pursuant to the terms of the Settlement Agreement, Class Counsel may apply to the Court for an award of reasonable attorney's fees and plan to request attorney's

fees in an amount not to exceed one-third of the total settlement value, net of expenses. (**Ex. 1**, pg. 11, § 3(f)). Similar fee requests have been granted in class action settlements. *See Strano v. Kiplinger Washington Editors, Inc.*, No. 1:21-cv-12987, at *6 (E.D. Mich. January 6, 2023) (granting preliminary approval to attorney's fee request not to exceed 35% in a class settlement); *Garner Props. & Mgmt. v. City of Inkster*, No. 17-cv-13960, 2020 WL 4726938, at *10 (E.D. Mich. August 14, 2020) (finding that 33% attorney's fees were reasonable). Given Plaintiffs' Counsel's unique expertise regarding this type of case and their efforts to secure this significant relief for the Class, the standard fee request is justified.

### D. The Proposed Settlement Treats All Class Members Equally.

For many of the same reasons as discussed above, there are no concerns here regarding the equitable treatment of Class Members relative to one another. Every member of the Class will have an equal opportunity to collect on the monetary relief provided through this Settlement, and Class Members who submit timely and valid claim forms will be treated equally to one another, receiving one equal share of the common fund. Thus, the equitable treatment of the Class can hardly be disputed.

## III. THE SIXTH CIRCUIT FACTORS SIMILARLY WEIGH IN FAVOR OF PRELIMINARY APPROVAL.

Consideration of the additional Sixth Circuit factors similarly counsel in favor of preliminary approval. The factors are "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery

engaged in by the Parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent Class Members; and (7) the public interest." *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

Factors 1-5 are largely subsumed by the previously outlined Rule 23(e)(2) factors rendering simple reiteration here unnecessary. *See Macy v. GC Servs. Ltd. P'ship*, No. 3:15-cv-819-DJH-CHL, 2019 WL 6684522, at *2 (W.D. Ky. December 6, 2019) ("[Rule 23(e)] largely encompasses the factors that have been employed by the Sixth Circuit[.]"). Each of these factors weighs in favor of preliminary approval or, at the very least, is neutral. The sixth factor, the reaction of absent Class Members, cannot be evaluated until notice has been disseminated and the Class's feedback received, rendering this analysis more appropriate on final approval. Finally, the seventh factor, the public interest, weighs overwhelmingly in favor of approval. This Settlement represents the resolution of an alleged environmental impact to thousands of people which will provide meaningful relief to the community and serve the important interest of encouraging responsible environmental stewardship.

## IV. THE PROPOSED NOTICE PLAN IS APPROPRIATE.

"After preliminarily approving a settlement, the court must direct notice of the proposed settlement to all Class Members who would be bound by the proposal."

Fed.R.Civ.P. 23(e)(1)(B). The Settlement provides for notice to the Class in the form attached as **Ex. C** to the Settlement Agreement. As soon as practicable after the Court enters its Preliminary Approval Order (**Ex. D**), Class Counsel will disseminate both the Class Notice (**Ex. C**) and Claim Form (**Ex. E**) to each Class Member whose address is reasonably ascertainable via first class mail, postage prepaid to each such address. Class Counsel will additionally post all relevant settlement documents, including the Settlement Agreement, Class notice, and Claim Form on a settlement website at www.lsccounsel.com/akdearborn. The Website will also feature instructing for seeking compensation from the fund or submitting an opt out or objection. Class Members will then have thirty (30) days to opt out or object to the Settlement and forty-five (45) days to submit a Claim Form. (**Ex. 1**, pg. 17, § 6). Any Class Member who chooses to opt out will not be bound by the Settlement Agreement and will not release any claims against Defendant. (*Id.*).

Additionally, Rule 23(b)(3) contains the following requirements for Class Notice:

> Notice must also include the following in 'plain, easily understood language:
> (1) the nature of the action;
> (2) the definition of the class certified;
> (3) the class claims, issues, or defenses;
> (4) that a Class Members may enter an appearance through an attorney is the member so desires;
> (5) that the court will exclude from the class any member who requests exclusion;
> (6) the time and manner for requesting exclusion; and

(7) the binding effect of a class judgment on members under Rule 23(c)(3).

*Moeller v. Week Pubs., Inc.*, No. 1:22-cv-10666, 2023 WL 119648, at *8 (E.D. Mich. January 6, 2023) (quoting Fed.R.Civ.P. 23(c)(2)(B)).

The Class Notice provides all of the salient information, clearly states that it contains only a summary of the Settlement Agreement, and describes how Class Members can obtain additional information regarding the Settlement Agreement. *See* (**Ex. C**). The Notice also refers Class Members to the settlement Website, where they can access the relevant documents or request additional information. At least 7 days before the final Settlement Fairness Hearing—and after the claims, opt outs, and objections deadlines have passed—Class Counsel will file all objections and opt outs with the Court. (**Ex. 1**, pg. 17, § 6). Plaintiffs will then seek final approval of the Settlement, at which time the Court can consider the Class's response thereto.

Both the Class Notice (**Ex. C**) and the Notice Plan (**Ex. 1**, § 6) should be approved so that Class Counsel can disseminate the Notice and receive feedback from the Class.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter the attached Order Granting Preliminary Approval (**Ex. D**), preliminarily approve the Settlement Class, appoint Plaintiffs' Counsel as Settlement Class Counsel, and approve the Notice program described herein.

Dated: February 10, 2025                    Respectfully Submitted,

                                            */s/ D. Reed Solt*
                                            Steven D. Liddle (P45110)
                                            Laura L. Sheets (P63270)
                                            D. Reed Solt (P86302)
                                            **LIDDLE SHEETS PC**
                                            975 E. Jefferson Avenue
                                            Detroit, Michigan 48207-3101
                                            Tel: (313) 392-0015/Fax: (313) 392-0025
                                            sliddle@lsccounsel.com
                                            lsheets@lsccounsel.com
                                            rsolt@lsccounsel.com

                                            *Attorneys for the Plaintiffs and Putative
                                            Class*

1