# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

| | | |
|---|---|---|
| LOUIS CROCKER, DANIELLE AND JASON CHARLES, on behalf of themselves and all others similarly situated, | ) ) ) | Case No. 4:21-cv-11937 |
| | ) | |
| Plaintiffs, | ) | Hon. Shalina D. Kumar |
| | ) | Magistrate Judge Curtis Ivy, Jr. |
| v. | ) | |
| | ) | |
| CLEVELAND-CLIFFS STEEL CORP. (d/b/a AK STEEL DEARBORN WORKS), | ) ) | |
| | ) | |
| Defendant. | ) | |

---

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release (hereinafter "Settlement Agreement" or "Agreement") is made and entered into this 7th day of February, 2025, by and between Defendant Cleveland-Cliffs Steel Corporation, which owns and operates a steel manufacturing plant located at 4001 Miller Road, Dearborn in Wayne County, on the one hand, and Plaintiffs Louis Crocker, Danielle & Jason Charles (the "Named Plaintiffs") and each member of the proposed class as defined below, on the other hand, subject to and conditioned on preliminary and final approval by the Eastern District of Michigan District Court.

WHEREAS:

A.     The Definitions appearing in Section 2 and other terms defined in this Settlement Agreement are incorporated herein by reference.

B.     Cleveland-Cliffs Steel Corporation ("CCSC") owns and operates a steel manufacturing plant formerly known as AK Steel Dearborn Works located at 4001 Miller Road in Dearborn, Michigan.

1

C.      The First Amended Class Action Complaint alleges that Plaintiffs and the Class Members have suffered damages as a result of CCSC's steel manufacturing operations.

D.      The Named Plaintiffs, on behalf of themselves and the Proposed Class Members, filed this putative Class Action against CCSC on July 20, 2021.

E.      CCSC vigorously denies all allegations of wrongdoing or liability made in the Litigation.  The Parties mutually wish to enter into this Settlement Agreement without CCSC in any way acknowledging any fault or liability, and solely for the purpose of terminating this Litigation to avoid the cost, expense, inconvenience, uncertainty, distraction, time, and effort required to continue to defend such complex, burdensome, and protracted litigation, and to permit the continued operation of CCSC's affairs unfettered by the tangible and intangible expense of the Litigation and the distraction and diversions of itself and of its key personnel.

F.      This Settlement Agreement and all related documents are not and shall not be construed as an admission or concession by CCSC of any fault or liability or wrongdoing, or of any deficiencies, faults, errors or omissions of any nature whatsoever of or by CCSC or any of the CCSC Releasees and shall not be offered as evidence of any such liability or wrongdoing in this or any future proceeding.  Moreover, this Settlement Agreement and all related documents are not and shall not be construed to be an admission or concession by any CCSC Releasee of acquiescence to class certification in any case other than this case's settlement class for settlement purposes only.  The Parties agree that the facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of CCSC and the CCSC Releasees are for settlement purposes only and will apply only to the facts and circumstances of this case and shall not be considered in any other case or set of facts.

G.      Class Counsel are familiar with the claims being settled and the defenses asserted. Class Counsel has conducted a thorough investigation relating to the claims and underlying events and transactions alleged in the First Amended Class Action Complaint.

H.      Class Counsel believes that the Litigation has substantial merit.  However, Class Counsel recognizes and acknowledges that the expense and length of continued proceedings necessary to prosecute the Litigation against CCSC through trial and appeals may be a costly, time-consuming undertaking.  Class Counsel has also taken into account, among other things, the strengths and uncertainties of the claims asserted in the Litigation and the substantial benefits to be conferred on the Class by the settlement set forth in this Settlement Agreement.  Class Counsel, therefore, has determined that the settlement set forth in this Settlement Agreement is in the best interests of the Class.

I.      Counsel for the Parties have engaged in intensive, arms-length negotiations through the mediation process concerning the settlement of Plaintiffs' claims against CCSC.

J.      This Settlement Agreement and related documents are not and shall not be construed as an admission or a concession by Plaintiffs or CCSC regarding the merits of Plaintiffs' claims.

K.      It is the intention of the Parties that the proposed settlement described in this Settlement Agreement completely resolves, releases, and forever discharges all claims that are or could have been alleged concerning airborne emissions of odors, dust and air particulates from the steel manufacturing plant asserted in the First Amended Class Action Complaint, or any other alleged harms or impacts related to emissions from CCSC's operations, except for any claims expressly reserved herein.

L.      CCSC has agreed to settle the Litigation as part of a complete settlement and a release of all claims regarding airborne emissions of odors, dust, and air particulates arising out of the allegations in the present case that have been or could have been asserted by Plaintiffs and/or the proposed class members in the First Amended Class Action Complaint.

NOW THEREFORE, intending to be legally bound hereby, and in consideration of the above recitals, promises, mutual covenants and conditions contained herein, IT IS STIPULATED, CONSENTED TO AND AGREED as follows, by and among the Parties, through the undersigned attorneys on behalf of their respective clients and the Proposed Settlement Class, for purposes of the settlement only and subject to the approval of the Court under Federal Rules of Civil Procedure 23(e):

1.      <u>Settlement</u>

The Litigation and all claims alleged or which could have been alleged by Plaintiffs and Class Members concerning the airborne emissions of odors, dust, and air particulates from the Facility (as further set forth and refined in the Release and Covenant sections below) for which a release is being given pursuant to Section 7 shall be finally and fully settled, compromised and dismissed on the merits, with prejudice and without costs (except as set forth herein), subject to the approval of the Court, in the manner and upon the terms and conditions stated in this Settlement Agreement.  Neither the settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by Defendant or any other person, or be deemed evidence of any violation of any statutes, regulations, permit conditions, or laws, or an admission of any wrongdoing or liability by Defendant.  Moreover, neither this settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by Defendant or any other person of acquiescence to class certification in any case, other than this case's settlement class for

4

Docusign Envelope ID: 269983C4-A9E6-4E4F-91AA-D8288C6754FD

settlement purposes only. The Parties agree that the facts and circumstances of this case are unique, and, as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of CCSC and the CCSC Releasees are for settlement purposes only and will apply only to the facts and circumstances of this case and shall not be considered in any other case or set of facts.

    2.    <u>Definitions</u>

As used herein, the following terms shall have the meanings stated in this Section:

    a.  "Administration of Settlement" or "Settlement Administration" means the provision of the required Notice, receiving, assisting, and maintaining claims and proofs of claims, calculating, and verifying claims, and overseeing the distribution of the Settlement Fund.

    b.  "Class" and "Class Members" refers to the Proposed Class as identified below:

**All (i) owners and occupants and (ii) renters of residential property residing within the SEP Area (See Air Purifier Consent Decree Area below) and any households that returned Data Sheets to Class Counsel on or before September 5, 2024.**



c.  The "Class Action" or "the Litigation" shall mean the lawsuit captioned *Louis Crocker, Danielle and Jason Charles, on behalf of themselves and all others similarly situated, v. Cleveland-Cliffs Steel Corp. (d/b/a AK Steel Dearborn Works),* filed in the United States District Court for the Eastern District of Michigan, which was assigned Case No. 4:21-cv-11937-VAR-CI.

d.  "Class Area" shall mean the area within a geographic boundary certified by the Court and specifically delineated in the Class Area Map included above. Residents of "households that returned Data Sheets to Class Counsel on or before September 5, 2024" shall be eligible as "Class Members" regardless of whether or not their residential properties were located within the Class Area.

e.  "Class Counsel" shall mean Laura L. Sheets, Esq., Steven Liddle, Esq., D. Reed Solt, Esq., Matthew Z. Robb, Esq., and all law firms in which any of them were

a partner, shareholder, associate, counsel, or otherwise associated during the term of their representation of the Plaintiffs.

f.   The "Class Period" shall mean the period of time between and including July 20, 2018 through the Effective Date.

g.   The "Court" shall mean the United States District Court for the Eastern District of Michigan.

h.   "Defendant" or "CCSC" shall mean Cleveland-Cliffs Steel Corporation.

i.   "Effective Date" means the date on which this settlement becomes binding as to all Parties, which shall be the date on which the Final Judgment and Order approving the settlement becomes Final.

j.   The "Facility" or "Steel Facility" shall mean the CCSC facility (f/k/a the AK Steel Dearborn Works) located at 4001 Miller Road, City of Dearborn, County of Wayne, State of Michigan.

k.   "Final" means the later of the following dates:

i. the date of expiration of the time for filing or noticing of any appeal from the Final Judgment and Order, that is, thirty days after the entry of the Final Judgment and Order computed in accordance with Federal Rules of Civil Procedure 6(a), if no appeal is timely filed.

ii.   the date of final affirmance of any appeal, the date of expiration of the time for filing petitions for writs of certiorari and, if certiorari is granted, the date of final affirmance following review pursuant to that grant; or

iii.   the final dismissal of any appeal or proceeding on certiorari.

l.  The "Final Judgment and Order" means an order and judgment of the Court substantially in the form attached as Exhibit B (or a modified version of that exhibit acceptable to all Parties) concerning, among other things, the certification of the Class for settlement purposes only, the notice program to the Class, the approval of the settlement, and the terms and process for the submission of proofs of claim and the disbursement of the Settlement Fund.

m.  "Household(s)" shall mean all persons simultaneously living in any particular occupied parcel(s) of residential real property within the Class Area at any point during the Class Period.

n.  The "Litigation" shall mean the above-captioned Class Action.

o.  The "Named Class Representatives" shall mean Plaintiffs Louis Crocker, Danielle Charles, and Jason Charles.

p.  The "Notice" shall mean the Proposed Notice of Settlement of Class Action and Settlement Hearing, the form and content of which shall be jointly approved by the Parties and submitted to the Court for approval as an exhibit to the Plaintiffs' forthcoming motion for an Order on Notice/Preliminary Approvals. A summary of the Notice shall also be published in a newspaper of general circulation.

q.  "Opt Out" means a Class Member who submits a timely and valid notice of his/her/their request for exclusion from the Class in substantially the form and within the time set forth in the Notice approved by the Court. If any Class Member opts out of the Class, he or she will receive no payment under this Settlement Agreement and will not be bound by the Release.

r.  "Opt Out Period" means the period ending thirty (30) days after mailing of the Class Notice, unless a different period is ordered by the Court, in which Class Members may exercise their right to opt out of the Class and this Settlement Agreement.

s.  "Order on Notice/Preliminary Approvals" means an order of the Court, substantially in the form attached as Exhibit C.

t.  The "Parties" shall mean Named Plaintiffs Louis Crocker, Danielle and Jason Charles, all Class Members, and CCSC.

u.  The "Plaintiffs" shall mean and include each and all Class Members and Named Class Representatives.

v.  The "Preliminary Approval Date" shall mean the date upon which the Court enters the Order on Notice/Preliminary Approval.

w.  "Qualified Settlement Fund" shall mean a banking account to be established by Class Counsel for the receipt of the Settlement Funds under the Internal Revenue Code.  See 26 C.F.R. 1.468B-1.

x.  "Released Claims" shall mean any claims subject to the Release described in Section 7 of this Agreement through the Effective Date.  Released Claims do not include any claims to enforce the terms of this Agreement or unalleged claims[1] for medical harm or personal injuries, if any.  Released Claims do not bar any claims arising from emissions of any kind occurring after the Effective Date.

---

[1]  The term "unalleged claims" herein, and in Section 7 below, refers to the fact that Plaintiffs did not allege any claims for medical harm or personal injuries in this Litigation.  Nor does the release contained herein apply to any past, present, or future claims for medical harm or personal injuries.

y. "Residence(s)" shall mean any parcel(s) of residential real property consisting of any type of habitable structure, including a home, duplex, apartment, trailer, group home, institution or temporary housing or shelter, located within the Class Area occupied at any point during the Class Period or were "households that returned Data Sheets to Class Counsel on or before September 5, 2024" and fitting the description approved by the Court in the Order and Notice of Class Certification.

z. "Settlement Agreement" means this Settlement Agreement made and entered by the Parties in the Litigation and all exhibits attached hereto.

aa. "Settlement Class Member" means any Class Member who does not opt-out of the settlement and therefore participates in the settlement of this Litigation, including but not limited to any Class Member that receives any portion of the Settlement Fund.

bb. "Settlement Fund" means the payment made by CCSC to Class Counsel in accord with Section 5 of this Settlement Agreement plus any accrued interest.

cc. "Settlement Hearing" or "Settlement Fairness Hearing" means a hearing pursuant to Federal Rules of Civil Procedure Rule 23 scheduled to determine, among other things, whether the proposed settlement of the Litigation is fair, reasonable, and adequate.

dd. The "CCSC Releasees" shall mean and include CCSC, CCSC's current, former, or future parents, subsidiary and affiliated corporations and other business entities, and all of their respective employees, contractors, officers, directors,

10

investors, shareholders, members, partners, insurers, attorneys and representatives.

ee. The "Total Settlement Value" means the settlement package described herein, which consists of payment of $975,000 in cash. It shall not include any injunctive relief whatsoever.

3.      Submission of Settlement to the Court

a. As soon as practicable following the execution of this Settlement Agreement, Plaintiffs shall move the Court for entry of an Order on Notice/Preliminary Approvals, in a form to be agreed upon by counsel for the Parties.

b. Within ten (10) days of the date Plaintiffs move for entry of the Preliminary Approval Order and consistent with 28 U.S.C. § 1715(b), the Defendant shall cause notice of the proposed class action settlement to be sent to (i) the U.S. Attorney General's office, as the appropriate Federal official, and (ii) the Director of Michigan Department of Environment, Great Lakes, and Energy ("EGLE"), as the appropriate State official. At least seven (7) days before the Fairness Hearing, Defendant shall submit an affidavit or declaration to the Court confirming that these notices were timely sent. In accordance with 28 U.S.C. § 1715(d), an order giving final approval of a proposed settlement may not be issued earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with such notice.

c. If the Court preliminarily approves this settlement, Notice shall be given to the Class in a form and manner jointly approved by the Parties, in accordance with

Docusign Envelope ID: 060083C4-A9E6-454E-91AA-D8288C87E4FD

the Notice specifications approved by the Court in its Order on Notice/Preliminary Approvals.

d.  On a schedule to be discussed with and set by the Court at the hearing on the motion for Preliminary Approval, Plaintiffs shall file a request that the Court enter a Final Judgment and Order, substantially in the form attached as Exhibit B.  In association with Plaintiffs' request for entry of a Final Judgment and Order, Class Counsel shall provide the Court with copies of all Opt-Outs received, copies of any objections received by Class Counsel but not filed with the Court, and any other documents the Court may request.

e.  The Settlement Fairness Hearing shall be held to decide whether the settlement embodied in this Settlement Agreement shall be finally approved as fair, reasonable, and adequate and whether the proposed terms and conditions shall be approved.  Plaintiffs shall apply to the Court for approval of the settlement and shall file such papers with the Court as their counsel or the Court determines to be necessary.  At or before the Settlement Fairness Hearing, proof of mailing of the Notice shall be filed by Class Counsel.

f.  At the time Plaintiffs file a request for entry of a Final Judgment and Order, Class Counsel may apply to the Court for an award of attorneys' fees not to exceed one third (1/3) of the total settlement value and reimbursement of costs and expenses inclusive of settlement administration and notice fees (all of which will be borne by Class Counsel).  CCSC agrees to take no position concerning Class Counsel's application of fees and costs as outlined above but may respond to inquiries from the Court.  In the event that the Court's Final Judgment and Order does not fully

approve Class Counsel's applications for an award of attorneys' fees or for an award of all fees, costs, and Settlement Administration and notice fees, Plaintiff and Class Counsel may appeal the award. Otherwise, the Parties and Class Counsel agree not to appeal the Court's Final Judgment and Order. Any such award of attorney fees and reimbursement of costs and expenses shall be paid exclusively from the Settlement Fund.

g. In the event that the Order approving the fees, costs, and expense award to Class Counsel is reversed or modified on appeal and in the event the fees, costs, and expense award has been paid from the Settlement Fund, then Class Counsel shall deposit the disallowed fees, costs, and expenses into the Settlement Fund with interest consistent with the reversal or modification. It is agreed that the procedure for and the allowance or disallowance by the Court of any applications for attorneys' fees, costs, expenses and interest, including the fees of experts and consultants, are not consideration for this Settlement Agreement, and any order or proceeding relating only thereto shall not operate to terminate, cancel, or affect the finality or effect of this Settlement Agreement.

h. All matters relating to the Administration of Settlement, including but not limited to payment to Class Counsel of their fees, costs and expenses, plus interest and disbursement to the Class of the Settlement Fund, shall proceed in accordance with this Settlement Agreement, as approved by orders of the Court.

i. If the Court does not enter the judgments and orders provided for above (excluding any orders regarding Class Counsel attorney fees and costs), or if the Court enters such judgments and orders and appellate review of any of the

Docusign Envelope ID: 069983C4-A9E6-454E-91AA-P8288C87E4FD

judgments or orders is sought (excluding any orders regarding Class Counsel attorney fees and costs), and on such review, any such judgment or order is modified (excluding any orders regarding Class Counsel attorney fees and costs), then this Settlement Agreement shall be canceled and terminated, subject to the provisions of this Settlement Agreement, unless each Party within thirty (30) days of the date of the mailing of such ruling to the Parties, provides written notice to all other Parties of its intent to proceed with the settlement.  Notice of intent to proceed with the settlement may be provided on behalf of the Class by Class Counsel and notice of intent to proceed with the settlement may be provided by Defendant to Class Counsel.  It is the Parties' intention that any appeals or denials of any requests for reimbursement of Class Counsel attorney fees and costs shall not in any way affect or be a reason to terminate this Settlement Agreement.

j.  The Parties' obligations to proceed with the settlement are expressly conditioned on:

    i. the Court's preliminary approval of this Settlement Agreement.

    ii.  the Court's entry of the Final Judgment and Order overruling any objections; and

    iii.  the exhaustion of rights of appeal as to such Final Judgment and Order.

If any of these conditions fail, and if the Parties elect not to proceed with a settlement, the Parties shall return to litigation as if no conditional settlement had ever existed.

Docusign Envelope ID: 069083C4-A9E6-454E-91AA-B8288C67E4FD

k.  If the settlement does not occur for any reason, this Settlement Agreement shall be of no force and effect and shall be void, and the Settlement Fund shall be repaid to CCSC as provided by this Settlement Agreement.

l.  Neither the settlement nor this Settlement Agreement shall constitute or be an admission for any purpose by CCSC or any other person or be deemed evidence of any violation of any statutes, regulations, permit conditions, or laws, or an admission of any wrongdoing or liability by CCSC. In addition, neither the settlement nor this Settlement Agreement shall constitute or be an admission or concession by CCSC of acquiescence to class certification in any case other than this case's settlement class for settlement purposes only.  The Parties agree that the facts and circumstances of this case are unique, and as such, the Parties agree that this Settlement Agreement, settlement, and acquiescence to a settlement class on the part of the CCSC Releasees are for settlement purposes only and will apply only to the facts and circumstances of this case and should not be considered in any other case or set of facts.

4.  Class Certification

a.  Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by CCSC in accordance with this Settlement Agreement shall constitute the full and final settlement of the Litigation, and upon the Effective Date, CCSC and the CCSC Releasees shall have no further liability or obligation to any member of the Class (by virtue of their status as a Class Member) except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order.

Docusign Envelope ID: 069083C4-A9E6-454E-91AA-B8288C87E4FD

b. CCSC expressly reserves the right to oppose class certification on any and all grounds if this settlement is not fully approved by the Court or is reversed on appeal.

5. <u>Settlement Payment</u>

a. Within thirty (30) business days of the Final Judgment and Order becoming final, CCSC agrees to pay Liddle Sheets, P.C., a total of Nine Hundred Seventy-Five Thousand Dollars ($975,000 USD) by check or wire transfer into a Qualified Settlement Fund ("QSF") account to be established by Class Counsel pursuant to the Internal Revenue Code. *See* 26 C.F.R. 1.468B-1.

b. Class Counsel shall seek reimbursement from the Settlement Fund of attorneys' fees and out-of-pocket costs as approved by the Court. All such payments to Class Counsel shall be made exclusively by the Settlement Fund.

c. Subject to the Court's approval, a one-time lump sum payment or incentive award of no more than $5,000 per household shall be paid to the Named Class Representatives from the Settlement Fund for their efforts on behalf of the Class, in addition to any distribution or payment they may receive by virtue of their status as one of the Settlement Class Members.

d. The proposed plan of allocation is that the remainder of the Settlement Fund, following deduction of any attorneys' fees, litigation expenses, and incentive awards permitted by the Court, shall be divided equally on a per- Household basis among all Settlement Class Members who timely submit settlement claim forms that are approved by Class Counsel as further explained in Section 6.

e. Subject to the approval of the Court, no payment from the Settlement Fund to Class Counsel, the Named Class Representatives, or any Settlement Class Members shall be made until the Effective Date. All claim checks will remain valid for one hundred-twenty (180) days, after which they shall become null and void. Any replacement checks that may be issued shall remain valid for only the original 180-day period.

f. If the settlement as agreed in this Settlement Agreement is not approved by the Court, or if approval of the settlement is reversed on appeal, or if the settlement fails to become effective for any other reason, then the Settlement Fund, including all accrued interest or earnings, shall be returned within ten (10) business days to CCSC.

g. Class Counsel shall conduct all required and necessary work for the Administration of Settlement, and all costs and expenses for the Notice and the Administration of Settlement shall be paid by Class Counsel. CCSC Releasees shall have no part in or responsibility or liability for the Administration of Settlement and, therefore, are hereby released from any claims related to such administration. To the extent Class Counsel complies with all Court orders concerning the Administration of Settlement, Class Counsel is released from any liability in connection with the Administration of Settlement, except for any proven willful misconduct.

6. Claims, Opt-Outs, and Objections

Class Members seeking to object to or opt out of this Settlement Agreement must notify Class Counsel in strict compliance with the requirements specified in the Class Notice. For opt-

Docusign Envelope ID: 069083C4-A9E6-454E-91AA-D8288C87E4FD

outs, failure to do so will result in the potential Settlement Class Member remaining part of the Settlement Class and, to the extent the settlement is approved, being bound by the Settlement Agreement. For objections, failure to do so may result in the Court not considering the objection, and to the extent the settlement is approved by the Court, all objecting Settlement Class Members will be bound by the Settlement Agreement. All opt-outs and objections must be in writing and postmarked no more than thirty (30) days after the date that notice is mailed to the potential Settlement Class Members.

Within fourteen (14) days after the deadline for opt-outs and objections to be postmarked, Class Counsel shall circulate copies of such opt-outs and/or objections to counsel for Defendant. If the total number of opt-outs is 25 or more, then Defendant, in its sole discretion, may elect not to proceed with the settlement. In such event, Defendant shall advise Class Counsel of its election in writing and this Settlement Agreement shall be null and void, and the Parties shall return to litigation as if no conditional settlement had ever existed. At least seven (7) days before the Settlement Fairness Hearing, Class Counsel shall file all objections received from or on behalf of Settlement Class Members and file a proposed Exhibit to the Final Judgment and Order to the Court identifying the potential Settlement Class Members who timely submitted proper opt-out requests.

Class Members shall have forty-five (45) days from the date Class Notice is mailed to submit a claim form in compliance with the terms specified in the Class Notice and on the Claim Form itself. Subject to the exercise of reasonable discretion by Class Counsel, Claim Forms will be approved by Class Counsel if the claimant complies with the requirements set forth in the Class Notice and Claim Form,including the provision of all required documentation of identity and property interest. Class Counsel may, but is not obligated to, provide additional time for claimants

who fail to properly document their claim to remedy the deficiency. Class Counsel may, but is not obligated to, attempt to verify the deficient claims independently of the proofs submitted. In the event that multiple claim forms are submitted for the same Household, all approved claims for that Household will share in one pro rata share of the Settlement Fund. Each Household for which an approved claim is submitted shall share equally in the Settlement Fund after the deduction of such costs, attorney fees, and incentive awards as the Court may approve. Claim forms that do not meet the requirements set forth in this Agreement, the Notice, and/or claim form instructions shall be rejected. Where a good faith basis exists, Class Counsel may reject a Class Member's claim form for, among other reasons, the following:

    a. The Settlement Class Member fails to provide adequate support of their claims pursuant to a request of Class Counsel;

    b. Failure to fully complete and/or sign the Claim Form;

    c. Illegible Claim Form;

    d. The Claim Form is fraudulent;

    e. The Claim Form is duplicative of another Claim Form;

    f. The person submitting the Claim Form is not a Settlement Class Member, or is requesting that funds be paid to a person or entity that is not the Class Member for whom the claim is submitted;

    g. Failure to timely submit a Claim Form; and/or

    h. The Claim Form otherwise does not meet the requirements of this Settlement Agreement, the Class Notice, or the Claim Form Instructions.

7.      <u>Release and Covenant Not to Sue</u>

Docusign Envelope ID: 060983C4-A9E6-454E-91AA-B8288C87E4FD

Subject to Court approval under Rule 23(e) of the Federal Rules of Civil Procedure, payment and other consideration paid or provided by Defendant in accordance with this Settlement Agreement shall constitute the full and final settlement of all claims asserted or which could have been asserted based on alleged property damage due to odors, dust, or particulate matter in the Litigation (the "Released Claims"), and upon the Effective Date, Defendant and other CCSC Releasees shall have no further liability or obligation to any Settlement Class Member under this Settlement Agreement, Named Plaintiff, or Class Counsel for the Released Claims except as specifically set forth in this Settlement Agreement or in the Final Judgment and Order. Upon the Final Judgment and Order becoming Final, each Settlement Class Member and the Named Class Representatives, on behalf of themselves and their heirs, executors, administrators, beneficiaries, predecessors, successors, assigns and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, shall and hereby does forever and fully release and discharge the CCSC Releasees, as defined in Section 2, and each of them, and any of their former and present employees, directors, officers, accountants, agents, attorneys, insurers, investment bankers, representatives, affiliates, former or future parents, managing entities, subsidiaries, franchises, and each of their heirs, executors, administrators, beneficiaries, investors, shareholders, predecessors, successors, assigns and each of them of and from any manner of civil or administrative actions, causes of actions, complaints, suits, injunctive relief, obligations, claims, debts, demands, agreements, promises, liabilities, controversies, costs, expenses, and attorneys' fees whatsoever, whether in law or in equity and whether based on any federal law, state law, common law or foreign law right of action or otherwise, foreseen or unforeseen, matured or unmatured, known or unknown, accrued or not accrued which the Named Class Representatives and Settlement Class Members or any of them,

ever had, now have, or can have, or shall or may hereafter have concerning CCSC either individually, or as a member of a class, against the CCSC Releasees, or any of them, for, based on, by reason of, or arising from or in any way relating to the conduct alleged in Plaintiffs' First Amended Class Action Complaint and Jury Demand filed in Case No. 4:21-cv-11937, except that nothing herein releases any claim arising out of the violation of breach of this Settlement Agreement.  Anything to the contrary herein notwithstanding, the release shall not bar claims for medical harm or personal injuries, if any, whether past, present, or future, and shall not bar claims arising from emissions of any kind occurring after the Effective Date.  Such claims are expressly reserved.

The Named Class Representatives and Class Members, and each of them, on their own behalf and on behalf of each of their respective heirs, executors, administrators, beneficiaries, predecessors, successors, assigns, and any of their former and present employees, directors, officers, accountants, agents, attorneys, representatives, affiliates, and subsidiaries, covenant and agree not to sue or bring or assert any action, claim, complaint, or cause of action, in any jurisdiction, against Defendant or the CCSC Releasees asserting any Released Claim.

8.   Remedies for Breach

Upon the material breach by any Party of any provision of this Settlement Agreement, any Party may seek to enforce this Settlement Agreement and may seek injunctive relief and/or specific performance.  Upon the material breach of any provision of this Settlement Agreement by any Settlement Class Member or any Named Class Representative, such person shall become liable to CCSC without regarding to proof of actual damages for the full amount such person received from the Settlement Funds, in addition and without prejudice to any other damages to which Defendant may be entitled.

Docusign Envelope ID: 060083C4-A9E6-454E-91AA-D8288C87E4FD

9.   <u>Miscellaneous Provisions</u>

    a.   All exhibits attached to this Settlement Agreement are completely incorporated herein and each of which is a necessary part of the settlement.

    b.   Waiver by any Party of any breach of this Settlement Agreement by any other Party shall not be deemed a waiver of any other prior, contemporaneous or subsequent breach of this Settlement Agreement.

    c.   This Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties, or inducements other than those set forth herein have been made by any Party concerning this Settlement Agreement.  If finally approved by the Court, this Settlement Agreement supersedes any prior agreement or understanding among the Parties.  No representations, warranties, inducements, promises, or agreements oral or otherwise not embodied or incorporated in this Settlement Agreement have been made concerning or in connection with this Settlement Agreement, or the attached exhibits.  Any and all prior discussions, negotiations, agreements, commitments and understandings relating to this Settlement Agreement are superseded hereby and merged into this Settlement Agreement.

    d.   The terms or provisions of this Settlement Agreement may not be changed, waived, modified, or varied in any manner whatsoever unless in writing duly signed by all Parties; any such signed modification shall be with the consent of the Court without further notice to the Class unless the Court requires such additional notice.  Any failure by any Party to insist upon the strict performance by any other Party of any of the provisions of this Settlement Agreement shall not

Docusign Envelope ID: 069983C4-A9E6-454E-91AA-D8288C87E4FD

be deemed a waiver of any of its provisions, and such Party, notwithstanding such failure, shall have the right thereafter to insist upon the strict performance of any and all of the provisions of this Settlement Agreement to be performed by such other Party.

e.  Each of the counsel signing this Settlement Agreement on behalf of the Parties represents that he or she has authority from his or her client or clients to execute this Settlement Agreement on their behalf.  Class Counsel agrees not to issue any press releases or press statements regarding the Litigation or the settlement, aside from the Class Notice.  Class Counsel may put notice of the settlement on their website for purposes of notifying the Class. Class Counsel agrees that there will be no press releases related to this Settlement and Class Counsel will have 30 days from the Effective Date to remove the settlement notice from the website.

f.  This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one in the same document, provided that counsel for the Parties to this Settlement Agreement shall exchange among themselves original signed counterparts.  Electronic or pdf copies of signatures shall be sufficient for purposes of demonstrating original signatures.

g.  This Settlement Agreement shall be binding upon, and inure to the benefit of, successors and assigns of the Parties once it is approved by the Court and all other conditions have been met.

Docusign Envelope ID: 060983C4-A9E6-454E-91AA-B8288C87E4FD

h.  Notices of breach or termination required by this Settlement Agreement shall be submitted either by first class mail, overnight delivery, or in person to each party signing this Settlement Agreement:

To Defendant CCSC:

Erik D. Lange
Squire Patton Boggs (US) LLP
1000 Key Tower
127 Public Square
Cleveland, OH 44114
Erik.lange@squirepb.com

To Settlement Class:

Laura L. Sheets
Liddle Sheets P.C.
975 E. Jefferson Avenue
Detroit, MI 48207
LSheets@LSCcounsel.com

i.  All terms of this Settlement Agreement shall be governed by and interpreted in accord with federal law and the laws of the State of Michigan as applicable.  This Settlement Agreement shall be enforced solely in this Court.  The Parties irrevocably consent to the jurisdiction of the Court over any suit, action, or proceeding to enforce this agreement, and agree to accept and acknowledge service of any and all process which may be served in any such suit, action, or proceeding, and waive any objection which each such Party may have or hereafter have to the venue of any such suit, action, or proceeding.

j.  Without affecting the finality of the Final Judgment and Order to be entered upon this Settlement, the Court shall retain such continuing jurisdiction as is necessary and appropriate to enforce the settlement, and to administer the performance of

the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

k. Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

l. All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals as of the day and year first written above.

Dated:                                   Named Plaintiffs and the Settlement Class:

_____

_____          By: _____
                                              LOUIS CROCKER


                                         By: _____
                                              DANIELLE CHARLES

_____

_____2/7/2025_____

_____

By: _____

    Signed by:  JASON CHARLES

*Laura Sheets*

435FF0C047CF4B7

By: _____

          LAURA L. SHEETS, ESQ.


Dated:

_____February 10, 2025_____

CLEVELAND-CLIFFS STEEL CORPORATION

By: *James D. Graham*

    Executive Vice President, Chief Legal and

Title: __Administrative Officer & Secretary__


_____

By: _____


26

the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

k. Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

l. All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals as of the day and year first written above.

Dated:                           Named Plaintiffs and the Settlement Class:

_____

_____              By: _____
                                                LOUIS CROCKER

2/6/2025                         By: _____
                                                DANIELLE CHARLES

25

2/6/2025

_____

_____

Signed by:

By: _____
60DAD1E799354BC
JASON CHARLES

By: _____
LAURA L. SHEETS, ESQ.


Dated:                                                    CLEVELAND-CLIFFS STEEL CORPORATION

_____        By: _____


                                                          Title: _____


_____        By: _____

Docusign Envelope ID: 060983C4-A9E6-454E-91AA-D8288C87E4FD

the settlement in accord with its terms, including allowing or disallowing applications for attorneys' fees and other payments, determining and supervising distribution procedures related to the Settlement Fund, identifying Class Members and their respective interests, if any, in the Settlement Fund, sending notices to Class Members, reviewing disputes regarding claims submitted, and distributing the Settlement Fund.

k.  Because of the arms-length negotiations described above, all Parties hereto have contributed substantially and materially to the preparation of this Settlement Agreement, which, therefore, may not be construed against the drafter of it or any portion of it.

l.  All personal pronouns used in this Settlement Agreement, whether used in the masculine, feminine, or neutral gender, shall include all other genders, and the singular shall include the plural and vice versa.

IN WITNESS WHEREOF, the Parties hereto have set their hands and seals as of the day and year first written above.

Dated:                                      Named Plaintiffs and the Settlement Class:

2/6/2025

DocuSigned by:

*Louis Crocker*

By: _____7262AF134B3A463..._____

LOUIS CROCKER

By: _____

DANIELLE CHARLES

25